UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARILYN WARSINSKE,<br><br>        Plaintiff,<br><br>  -vs-<br><br>LIBERTY NORTHWEST INSURANCE COMPANY,<br><br>        Defendant. | )<br>)  NO. CV-11-0011-LRS<br>)<br>)  ORDER RE JUNE 6, 2011 MOTIONS<br>)  HEARING<br>)<br>)<br>)<br>)<br>)<br>) |

A telephonic hearing was held in the above-entitled matter on June 6, 2011 pursuant to Plaintiff's Plaintiff's Motion to Enforce Appraisal of Loss to Arbitration Re Statement Demand for Appraisal (ECF No. 10); Plaintiff's Amended Motion to Amend/Correct Motion for Protective Order, Motion for Sanctions (ECF No. 22); and Plaintiff's Motion for Protective Order Re Washington Trust Bank (ECF No. 43). Steven Schneider participated on behalf of Plaintiff; Sarah Eversole participated on behalf of Defendant. The Court, having reviewed the documents in the file and heard oral argument from counsel, now enters the following order to memorialize, supplement, and incorporate herewith the oral rulings of the court.

ORDER . . . - 1

Plaintiff moves for an order enforcing the agreement of the parties to submit the appraisal of loss to an arbitration panel. Defendant argues that Plaintiff's Motion to Compel Appraisal should be denied because: 1) Plaintiff has not established a necessary predicate to appraisal - the right to coverage under the homeowner policy for her alleged loss; and 2) she waived any right to appraisal by waiting more than three years after the loss to make her demand. Defendant concludes that Plaintiff's actions substantially prejudiced its right to adjust the loss by removing all evidence of the loss, months before she reported it to Defendant. The Court finds that coverage must be determined first. The Court further finds that a waiver has not been shown to exist based on the current state of the record.

Plaintiff moves for a protective order to quash or modify subpoena duces tecum to Washington Trust Bank (ECF Ct. Rec. 43). Plaintiff argues Defendant's requests are overbroad and seek private and protected information not relevant to the issues and not calculated to produce admissible evidence. Defendant argues the document requests are limited to specific documents within a relevant period of time between Washington Trust Bank and Ms. Warsinske, and are related to the property at issue. Defendant also argues that the documents and photos requested will provide evidence or lead to the discovery of admissible evidence showing that Ms. Warsinske was aware that an appraisal was performed on the property on or about August 25, 2008 and provided a complete copy of the appraisal report, including the photograph of the awning which is the subject of her insurance claim in this lawsuit. The Court finds that

ORDER . . . - 2

Plaintiff's motion should be denied as the requested documents may lead to discoverable evidence. Accordingly, the Court finds no basis to preclude the materials sought in the subpoena from being provided to the defendant.

Plaintiff indicates that following a recent deposition, its Amended Motion to Amend/Correct Motion for Protective Order, Motion for Sanctions (ECF. No. 22) is deemed moot.

**IT IS ORDERED:**

1. Plaintiff's Motion to Enforce Appraisal of Loss to Arbitration Re Statement Demand for Appraisal, **ECF No. 10**, is **DENIED**, without prejudice.

2. Plaintiff's Amended Motion to Amend/Correct Motion for Protective Order, Motion for Sanctions, **ECF No. 22**, is **DENIED as MOOT.**

3. Plaintiff's Motion for Protective Order Re Washington Trust Bank, **ECF No. 43**, is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 9th day of June, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER . . . - 3